UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X     Case No.:
IN RE:                                                18-40766 (CEC)

EARL R. DAVIS                                         Chapter 11
                        Debtor.
-----------------------------------------------X
EARL R. DAVIS, VINCENT LONGOBARDI
and EDDIE DORAN,
                        Plaintiffs,                   Adv. Proc. No.:
        -against-                                     18-01081 (CEC)

DEIDRE   GALLOWAY,   Individually   and   Co-
Conservator and Co-Administrator of the Estate
of  Julia  T.  Sanders;  KATHRYN  ELISE  SOSA,
Individually  and  as  Co-Administrator  of  The
Estate  of  Julia  T.  Saunders;  ANGELICA  D
PLUMMER,   Individually   and   as   Surviving
Heir/Beneficiary/Distributee   of   Julietta
Plummer  Jackson;  THE  NATIONAL  ARCHITECTURAL
TRUST,  INC.;  SANTANDER  BANK  f/k/a  SOVEREIGN
BANK   f/k/a   INDEPENDENCE   COMMUNITY   BANK;
INTERNAL   REVENUE   SERVICE—UNITED   STATES   OF
AMERICA;  NEW  YORK  STATE  DEPARTMENT  OF  TAXATION
AND  FINANCE—Tax  Compliance  Division;  All  the
heirs  at  law,  next  of  kin,  distributees,
devisees,   grantees,   trustees,   lienors,
creditors,   assignees,   and   successors   in
interest  thereof  of  the  aforesaid  classes  of
person,  if  they  or  any  of  them  be  dead,  all  of
whom  and  whose  names  and  places  of  residence
are  unknown  to  the  Plaintiff  of  Julia  T.
Saunders  a/k/a  Julia  Etta  Saunders  and  Henry  T.
Saunders  Jr.,  Henry  T.  Saunders  III  a/k/a  Henry
Thomas  III  and  Julietta  Plummer  Jackson,

                        Defendants,

        -and-

CAROLE T. BURRIS, LISA ODETTA BURRIS, RICHARD
PAYNE, CLYDE PAYNE, ST. CLAIR PAYNE, JR., BRUCE
PAYNE, CHARLENE PAYNE a/k/a CHARLENE VARGAS,
and TREVOR PAYNE,

                        Additional Defendants
                        on the Counterclaims.
-----------------------------------------------X

**DEFENDANT, ANGELICA D. PLUMMER, INDIVIDUALLY
AND AS SURVIVING HEIR/BENEFICIARY/DISTRIBUTEE
OF JULIETTA PLUMMER JACKSON'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT, STATEMENT
PURSUANT TO FRBP RULE 9027(e)(3) AND
<u>COUNTERCLAIMS AND CROSS-CLAIMS</u>**

Defendant, ANGELICA D. PLUMMER, Individually and as Surviving Heir/Beneficiary/Distributee of Julietta Plummer Jackson ("Answering Defendant"), by her attorney, MICHAEL T. SUCHER, ESQ., as and for her Statement pursuant to FRBP Rule 9027(e)(3); as and for her Amended Answer to the Amended Complaint herein dated July 5, 2017,[1] and as and for her Counterclaims and Cross-Claims, alleges as follows:

## STATEMENT PURSUANT TO FRBP RULE 9027(e)(3)

1.    Answering Defendant consents to the entry of final orders or judgment by the Bankruptcy Court.

## AMENDED ANSWER TO THE AMENDED COMPLAINT

2.    Admits each and every allegation as contained in paragraphs 6, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 57, 58, 59, 60, 63, 65, 66, 68, 69, 71, 72, 73, 74, 77, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91 and 93 of the Amended Complaint.

3.    Denies each and every allegation as contained in paragraph 70 of the Amended Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every allegation as contained in paragraphs 1, 2, 3, 4, 5, 7, 54, 61, 75, 78, 87 and 92 of the Amended Complaint.

---

[1]    The Complaint dated May 22, 2016—attached by the Plaintiff to the Notice of Removal (Docket No. 1) *without* "a copy of all process, pleadings and orders", as required by 28 U.S.C. §1446—is not the most current complaint; it was superseded by Plaintiff's Amended Complaint dated July 5, 2017; and this instant pleading supersedes Ms. Plummer's prior Answer to the Amended Complaint, dated July 17, 2017.

5.    Admits that defendant, Internal Revenue Service, is organized and existing under the laws of the United States America and is conducting business in the County of Kings, State of New York, and denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 9 of the Amended Complaint.

6.    Admits that defendant, New York State Department of Taxation and Finance, is organized and existing under the laws of New York State and is conducting business in the County of Kings, State of New York, and denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 10 of the Amended Complaint.

7.    Admits that by September 4, 1991, Julia T. Saunders was suffering from Alzheimer's disease, and suffered from the same throughout the balance of her life thereafter, and denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 35 of the Amended Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 48 of the Amended Complaint, except admits that the January 31, 1996 purported power of attorney was a nullity as a matter of law.

9.    Admits that the Plaintiffs are entitled to a declaratory judgment specifying the rights and other legal relations between the parties, and denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 55 of the Amended Complaint.

10.   Denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 64 of the Amended Complaint, except admits that the January 31, 1996 purported power of attorney was a nullity as a matter of law.

11.   Denies knowledge or information sufficient to form a belief as to the truth or falsity as to each and every other allegation as contained in paragraph 79 of the Amended Complaint, except admits that the January 31, 1996 purported power of attorney was a nullity as a matter of law.

## COMBINED COUNTERCLAIMS AND CROSS-CLAIMS

### JURISDICTION AND VENUE

12.   This is an adversary proceeding brought under 11 U.S.C. §§105, 541; FRBP Rule 7001(1), (2) and (9); and as to Ms. Plummer's combined counterclaims and cross-claims and joinder of additional parties—by way of FRBP Rule 7013—under FRCP Rule 13(h); FRCP Rule 19(1)(A) and (B); and FRCP Rule 20(2)(A) and (B), seeking a declaratory judgment as to ownership interests and vacature of certain instruments in the chain of title of certain real property owned in part by the chapter 11 debtor; for a finding of adverse possession as to one of the properties; and to direct the sale of those properties.

13.   The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this action pursuant to 28 U.S.C. §157 and §1334, and FRBP Rule 7001, as this action arises in and under, and relates to the Chapter 11 bankruptcy case of the Debtor. This court has jurisdiction over the additional defendants on the Counterclaims, joined hereby, pursuant to 28 U.S.C. §1367, as the counterclaims are so related to claims in the action within the original jurisdiction of this Court, that they form part of the same

case or controversy under Article III of the United States Constitution.

14.    This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (H), (K), (N) and (O).

15.    Venue is proper in this district pursuant to 28 U.S.C. §1409.

## PARTIES

### a.    *Existing Parties*

16.    No change is made to the existing parties as designated and originally captioned by Plaintiffs, except to the extent that additional parties are added hereby, and Angelica D. Plummer hereby incorporates the Amended Complaint's statement of parties as if set forth herein at length.

### b.    *Additional Parties on the Counterclaims*

17.    Upon information and belief, Additional Defendant on the Counterclaims, Carole T. Burris is an individual residing in the City and State of New York, County of Kings.

18.    Upon information and belief, Additional Defendant on the Counterclaims, Lisa Odetta Burris, is an individual residing in the State of Georgia, County of Gwinnett.

19.    Additional Defendant on the Counterclaims, Richard Payne, is an individual whose residence address is currently unknown to Counterclaiming Defendant.

20.    Additional Defendant on the Counterclaims, Clyde Payne, is an individual whose residence address is currently unknown to Counterclaiming Defendant.

21.   Upon information and belief, Additional Defendant on the Counterclaims, St. Clair Payne, Jr., is an individual residing in the City and State of New York, County of Richmond.

22.   Upon information and belief, Additional Defendant on the Counterclaims, Bruce Payne, is an individual residing in the City and State of New York, County of Queens.

23.   Upon information and belief, Additional Defendant on the Counterclaims, Charlene Payne a/k/a Charlene Vargas, is an individual residing in the City and State of New York, County of Kings.

24.   Upon information and belief, Additional Defendant on the Counterclaims, Trevor Payne, is an individual residing in the State of New Jersey, County of Middlesex.

## SUBJECT REAL PROPERTY

25.   There are three parcels of real property these Counterclaims and Cross-Claims concern, hereafter referred to collectively, at times, as the "Kings Properties", located and described as follows:

i)   425 Clinton Avenue, Brooklyn, New York 11238
     Block: 1961, Lot: 016
     (hereafter, "425 Clinton Ave.");

ii)   401 Adelphi Street, Brooklyn, New York 11238
      Block: 1958, Lot: 009
      (hereafter, "401 Adelphi St") and

iii)   432 Clermont Avenue, Brooklyn, New York 11238
       Block: 1958, Lot: 048
       (hereafter, "432 Clermont Ave.").

## STATE LAW PREDICATE STATEMENT

26.   These Counterclaims and Cross-Claims arise in part under New York State Law, and, specifically, are brought in part pursuant to Article 15 of the NY Real Property Actions and Proceedings Law to compel the determination of claims to, and to secure the cancellation, expungement and discharge of-record of certain instruments hereinafter mentioned, affecting the Kings Properties, as void *ab initio*, without legal force and effect, and to secure their partial and/or entire vacature.

27.   These counterclaims and cross-claims are also brought in part pursuant to Article 9 of the NY Real Property Actions and Proceedings Law to compel the partition and sale of the Kings Properties.

28.   These counterclaims and cross-claims are also brought in part pursuant to Article 5 of the NY Real Property Actions and Proceedings Law to declare certain interests in one of the Kings Properties to have been extinguished under the doctrine of adverse possession.

29.   It appears from public records and from the facts hereafter set forth, that the parties may claim an estate or interest in the Kings Properties located in the State of New York, County of the Answering Defendant, by reason of the facts hereafter set forth.

30.   There are no unknown defendants, and, upon information and belief, the known defendants named herein are not nor might they be infants, developmentally disabled, mentally ill or alcohol abusers.

31.   Upon information and belief, the judgment in this action affects no person(s), nor might it affect any person(s), not in being or ascertained as of the commencement of the

action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved.

32.    Upon information and belief, the Kings Properties are the only parcels of real property owned by the parties hereto in common or of which the parties have any right, share or interest in common.

33.    The Kings Properties are so situated that a division or partition thereof between the parties hereto, according to their respective rights and interests, cannot be had without great prejudice to the said parties.

## I.    <u>STATEMENT OF FACTS</u>

### ii) Overview as to Real Property and <u>Relationship of the Parties Therein</u>

34.    The Kings Properties were all formerly owned, in whole or in part, by the late Julia Taylor Saunders ("Julia T. Saunders"), who died intestate on February 17, 2002 while a ward of a certain Kings County Conservatorship that will be discussed, *infra*, and whose Estate is represented by certain Kings County co-administrators, discussed *infra.*

35.    Julia T. Saunders was the grandmother of Answering Defendant, and has the following heirs-at-law, with the following interests in her estate.

36.    As of the date of her death, Ms. Saunders was an un-remarried widow,[2] and was survived by four children who, as of the date of her death, shared co-equally in her estate, i.e., each as to a one-quarter (25%) interest:

---

[2]    Her late, last husband was Henry Thomas Saunders, Jr., who died on June 18, 1986.

    i)   Deidre Galloway (daughter; 25% interest);

    ii)  Kathryn Elise Sosa (daughter; 25% interest);

    iii) Julietta Plummer Jackson (daughter; 25% interest); and

    iv)  Henry Thomas Saunders III (son; 25% interest).

37.  Two of the above heirs post-deceased Ms. Saunders, each dying intestate, resulting in the following *current* interests in any real property of her estate:

    i)   Deidre Galloway; living — having a 25% interest in any real property of the Estate of Julia T. Saunders;

    ii)  Kathryn Elise Sosa; living — having a 25% interest in any real property of the Estate of Julia T. Saunders;

    iii) Julietta Plummer Jackson, deceased (died August 26, 2012), survived by the following two co-equal heirs:

        a)  Angelica D. Plummer; living — having a 12.5% interest in any real property of the Estate of Julia T. Saunders;

        b)  Lloyd Plummer; living — having a 12.5% interest in any real property of the Estate of Julia T. Saunders; and

    iv)  Henry Thomas Saunders III, deceased (died October 18, 2002), survived by the following three co-equal heirs:[3]

        a)  Julia Crystal-Rose Saunders; living — having an 8.33% interest in any real property of the Estate of Julia T. Saunders;

        b)  Jonathan E. Saunders; living — having an 8.33% interest in any real property of the Estate of Julia T. Saunders; and

---

[3]   Henry Thomas Saunders III had a surviving spouse, one Cynthia Jordan. Upon information and belief, she post-deceased him, having died intestate on January 31, 2005 (and never remarried), with her estate devolving on the same surviving three children.

      c)    Bahe Saunders Aldean; living — having an 8.33% interest in any real property of the Estate of Julia T. Saunders.

38.  An overarching issue with respect to determining the above heirs' interests, and those of other parties interested in the three Kings Properties, turns in part on the legitimacy, *vel non*, of certain of-record, supposed transfers of Julia T. Saunders' interests in the real property — that are substantively fraudulent and complete or partial nullities.

39.  By these Counterclaims and Cross-Claims, this Court is asked, *inter alia,* to determine the interests of all parties in the Kings Properties, including by directing the partial or entire vacature and/or making judicial findings of the partial or wholly null status of certain contested deeds and other instruments, the fraudulent or compromised status of which are alleged and demonstrated hereinafter.

**Conservatorship Proceeding; Administration Proceeding; Supposed Transfers by Patently Fraudulent Deeds — Two Under a Power of Attorney Given Five Years After Julia T. Saunders Was Judicially Declared Incompetent, <u>as a Result of Alzheimer's Disease</u>**

40.  On or about September 3, 1991, Carole T. Burris, an Additional Defendant on the Counterclaims herein and a sister of Decedent, Julia T. Saunders, filed a petition for conservatorship of her property and person in the Supreme Court, Kings County under Index No. 99144/1991, originally captioned <u>In the Matter of Application of CAROLE T. BURRIS for the appointment of a conservator of the Estate of JULIA SAUNDERS a/k/a JULIA T. SAUNDERS a/k/a JULIA ETTA SAUNDERS</u> (as claimed herein an incapacitated person). (The "Conservatorship".)

41.   The Conservatorship petition, *inter alia,* attached a letter and affidavit in support from a physician diagnosing Julia T. Saunders with senility as a result of Alzheimer's Disease; stated that she was, then: "unable to manage her financial affairs and is in need of a Conservatorship", and that it was his opinion that "the need for a Conservator is indefinite in duration."

42.   A Guardian ad litem was appointed for Julia T. Saunders and issued a report dated October 17, 1991, *inter alia,* disclosing that Ms. Saunders was, upon examination, disoriented as to place and time, not knowing where she was when spoken to; did not know the date or the month or year; was unable to name the president of the United States or the Mayor of NYC; found that Julia T. Saunders was incapable of managing her own affairs, and recommended appointment of conservators.

43.   Thereafter, following a hearing, by order of the Hon. Sebastian Leone, J.S.C., dated May 21, 1992, Julia T. Saunders was found to be incompetent and her sister, Carole T. Burris and her daughter, Deidre Galloway, were appointed her conservators to see to her physical care and to manage her property.

44.   Despite having been appointed co-conservators on the basis of Julia T. Saunders' incompetency, Carole T. Burris and Deidre Galloway, during Julia T. Saunders' lifetime, each participated in of-record supposed property transfers of her interests in the Kings Properties, including supposed transfers to themselves.

45.   Julia Saunders died intestate on February 17, 2002, with her death certificate listing "Alzheimer's Disease" as a significant contributing factor to her cause of death.

46. A Surrogates Court, Kings County proceeding was brought with respect to Julia T. Saunders' intestate estate,[4] in which Letters of Administration were issued to said former conservator, Carole T. Burris, as well as to Defendant, Kathryn Elise Sosa, said Decedent's daughter, on March 10, 2015.

47. Such Letters of Administration are restricted, barring the co-Administrators, *inter alia,* from selling or mortgaging any of Julia's real property. No motion, petition or subsequent proceeding has been filed to lift such restriction as of the date hereof, and such restriction remains in effect as of the date hereof.

Facts regarding 425 Clinton Ave. — Instruments
in its Chain of Title, Including Four
Instruments sought to be Declared Nullities
and Vacated in Part or in whole, and the
<u>Apparent Interests of the Parties Therein</u>

48. By deed dated June 30, 1965, fee title in 425 Clinton Ave. was transferred from a third party to "Henry T. Saunders, Jr., and Julia T. Saunders his wife", thereby creating a tenancy by the entireties.

49. Upon the death of Henry T. Saunders, Jr. on June 18, 1986, Julia T. Sunders became the sole fee owner of that premises as surviving tenant by the entireties.

50. On February 2, 1996 a power of attorney dated January 29, 1996 (the "Fraudulent P.O.A.") was recorded in 425 Clinton Ave.'s chain of title in the Office of the Kings County Register (the "Kings Register") at reel 3647, pages 191 to 193, purporting to appoint Deidre Galloway as the attorney-in-fact for Julia T. Saunders.

---

[4] Captioned: <u>Administration Proceeding Estate of JULIA TAYLOR SAUNDERS a/k/a JULIA SAUNDERS a/k/a JULIA ETTA SAUNDERS a/k/a JULIA T. SAUNDERS, Deceased</u>; Surr./K File No.: 2013-2887.

51.   The Fraudulent P.O.A., supposedly signed by Julia T. Saunders herself, was issued four years after Julia T. Saunders' judicial declaration of incompetency in the Conservatorship Proceeding.

52.   The Fraudulent P.O.A., whether or not the signature thereon is or is not in the hand of Julia T. Saunders, is a nullity and without force and effect as a matter of law, is void *ab initio*, and such status should be declared and the instrument directed vacated.

53.   By deed dated January 29, 1996, and recorded with the Kings Register on February 2, 1996 at reel 3647, pages 194 to 196, Deidre Galloway, signing under the Fraudulent P.O.A. on behalf of "Henry T. Saunders (Deceased)" and "Julia T. Saunders his wife" as grantor, purported to transfer Julia T. Saunders' interest in 425 Clinton Ave. to Julia T. Saunders and Deidre Galloway (the "1996, 425 Clinton Deed").

54.   By virtue of the null status of the Fraudulent P.O.A., the 1996, 425 Clinton Deed, in turn, is a nullity, and without force and effect as a matter of law, is void *ab initio*, and such status should be declared and the said instrument directed vacated.

55.   By mortgage instrument dated September 17, 2003, and recorded with the Kings Register on January 12, 2004 under CRFN No. 2004000017532 (the "2003, 425 Clinton Mortgage"), Deidre Galloway purported to secure a loan from Independence Community Bank[5] in the principal sum of $200,000.00 against the entirety of 425 Clinton Avenue — at a time when she owned, by descent, only a 25% undivided interest in that property, as a one-quarter heir of Julia T. Saunders' interest in that premises.

_____

[5]   Independence Community Bank was acquired by Santander Bank in 2006, then known as Sovereign Bank.

56.  Additionally, by credit line mortgage instrument dated July 8, 2005, and recorded with the Kings Register on August 22, 2005 under CRFN No. 2005000472197 (the "2005, 425 Clinton Mortgage"), Deidre Galloway purported to secure a line of credit loan from said Independence Community Bank, with a credit limit of up to $100,000.00, against the entirety of 425 Clinton Avenue[6] — at a time when she owned, by descent, only a 25% undivided interest in that property, as a one-quarter heir of Julia T. Saunders' interest in that premises.

57.  Independence Community Bank was on actual, constructive and/or inquiry notice of the Conservatorship Proceeding; of the judicial declaration of Julia T. Saunders' incompetency therein; and knew or should have known of the attendant null status of the Fraudulent P.O.A. and of the 1996, 425 Clinton Deed.

58.  By virtue, *inter alia,* of the null status of the Fraudulent P.O.A. and of the 1996, 425 Clinton Deed; the public record status of the Conservatorship Proceeding; and otherwise, Independence Community Bank knew or should have known that Deidre Galloway was, at best, an heir of some fractional interest in 425 Clinton Ave., and incapable of giving a mortgage secured in any more of that property than she might own——which in fact was 25% of 425 Clinton Ave.

59.  By reason of the foregoing facts, the 2003 and 2005, 425 Clinton Mortgages were nullities to the extent of their attempt to encumber the interests of any party other than Deidre Galloway's 25% interest in 425 Clinton, are without force and effect as a matter of law as to the other parties' collective 75% interest in 425 Clinton Ave., are void *ab initio*

---

[6]    It is unknown whether the line of credit was actually used, i.e., whether any money was actual loaned and thus might be purported to be secured in the entirety of that property.

as to all other parties' said interests, and such status should be declared and the mortgage instruments directed vacated to that extent.

60. By deed executed on November 7, 2016 and recorded with the Kings Register on December 23, 2016 under CRFN No. 2016000455350, Lloyd Plummer, as one-half heir of Julietta Plummer Jackson, transferred his 12.5% interest in 425 Clinton Ave. to ERD Holdings, Inc. (thereby divesting himself of any interest in 425 Clinton Ave.)

61. By deed dated March 15, 2017 and recorded with the Kings Register on June 7, 2017 under CRFN No. 2017000211002, Bahe Saunders Aldean, as one-third heir of Henry T. Saunders, III, transferred his 8.33% interest in 425 Clinton Ave. to Eddie Doran (thereby divesting himself of any interest in 425 Clinton Ave.)

62. By deed dated March 15, 2017 and recorded with the Kings Register on June 26, 2017 under CRFN No. 2017000234285, Julia Crystal Saunders, as one-third heir of Henry T. Saunders, III, and Jonathan E. Saunders as one-third heir of Henry T. Saunders, III, each transferred their 8.33% interest in 425 Clinton Ave. to Eddie Doran (thereby divesting themselves of any interest in 425 Clinton Ave.)

63. By deed dated March 3, 2017 and recorded with the Kings Register on June 26, 2017 under CRFN No. 2017000234340, ERD Holdings, Inc. transferred its 12.5% interest in 425 Clinton Ave. to the three Plaintiffs, as follows: Vincent Longobardi as to a 3.125% interest; Eddie Doran as to a 3.125% interest; and Earl R. Davis as to its remaining 6.25% interest (thereby divesting itself of any interest in 425 Clinton Ave.)

64. By deed dated April 2, 2017 and recorded with the Kings Register on July 13, 2017 under CRFN No. 2017000256939,

Eddie Doran transferred 25% (of his then total 28.1249%) interest in 425 Clinton Ave. to himself and the other two Plaintiffs, as follows: Eddie Doran as to an 8.33% interest; Vincent Longobardi as to an 8.33% interest; and Earl R. Davis as to an 8.33% interest.

65.   By virtue of the foregoing facts, the ownership interests of the parties in 425 Clinton Ave., as of the date hereof, and which should be declared, are as follow:

1)   Deidre Galloway as to a 25% interest;

2)   Kathryn Elise Sosa as to a 25% interest;

3)   Angelica D. Plummer as to a 12.5% interest;

4)   Eddie Doran as to an 11.4853% interest

5)   Vincent Longobardi as to an 11.4853% interest; and

6)   Earl R. Davis as to a 14.583% interest.

66.   Upon information and belief, Defendants, DEIDRE GALLOWAY and/or KATHRYN ELISE SOSA and/or Additional Defendant on the Counterclaims, CAROLE T. BURRIS have managed the 425 Clinton Ave. property and should account for its rents and profits for the duration of the period of their management.

Facts regarding 401 Adelphi St. —
Instruments in its Chain of Title, Including
as to a Deed Sought to be Declared a Partial
Nullity and Partially Vacated, and the
Apparent Interests of the Parties Therein

67.   By deed dated August 3, 1982, and recorded with the Kings Register on August 16, 1982 at reel 1333, pages 834 to 835, fee title to 401 Adelphi St. was transferred from a third party to "Carole T. Burris", and decedent, "Julia T. Saunders", thereby creating a tenancy in common in said grantees.

68.   Thereafter, by deed dated January 16, 2013, and recorded with the Kings Register on December 23, 2016 under CRFN No. 2013000229461 (hereafter, the "Partially Fraudulent 2013 401 Adelphi St. Deed"), said 50% owner of 401 Adelphi St., Carole T. Burris, purporting to act in her own stead *and on behalf of the then deceased "Julia T. Saunders"*, purported to transfer their collective 100% fee interest in 401 Adelphi St. to Carole T. Burris and "Lisa Odetta Burris", being two of the Additional Defendants on the Counterclaims.

69.   Upon information and belief, the purported one-half grantee, Lisa Odetta Burris, is Carole T. Burris' daughter.

70.   The Partially Fraudulent 2013 401 Adelphi St. Deed was executed solely by Carole T. Burris as grantor, at a time when Julia T. Saunders was deceased, the interests of her heirs had vested, and before anyone had been appointed the personal representative of Julia T. Saunders' intestate estate.

71.   By virtue of the foregoing facts, the January 16, 2013 deed was incapable of transferring any interest of Julia T. Saunders' heirs in 401 Adelphi Street, whose interests in her real property devolved upon them at the moment of her death, nor to affect any rights or interests of Julia T. Saunders' Estate in that premises.

72.   By virtue of the foregoing facts, the Partially Fraudulent 2013 401 Adelphi St. Deed was without force and effect as to any rights and interests in the heirs of Julia T. Saunders or of her intestate estate, as a matter of law, is void *ab initio* as to those interests, and such null status of said deed should be declared and the instrument directed vacated to that extent.

73.   By virtue of the foregoing facts, the Partially Fraudulent 2013 401 Adelphi St. Deed was effective, as a matter

of law, only to the extent that Carole T. Burris' 50% interest in 401 Adelphi St. was transferred thereby to herself and Lisa Odetta Burris, making them each, then, 25% owners of 401 Adelphi St., while leaving the interest and rights flowing from Julia T. Saunders' interest in that property untrammeled.

74.  By virtue of the heirship interests as to Julia T. Saunders set forth hereinbefore at paragraph 36, et seq., the interests of Julia T. Saunders' heirs — in her 50% interest in 401 Adelphi Street at the time of her death — were as follows:

1)  Deidre Galloway as to a 12.5% interest;

2)  Kathryn Elise Sosa as to a 12.5% interest;

3)  Angelica D. Plummer as to a 6.25% interest;

4)  Lloyd D. Plummer D. Plummer as to a 6.25% interest;

5)  Julia Crystal-Rose Saunders as to a 4.16% interest;

6)  Jonathan E. Saunders as to a 4.16% interest; and

7)  Bahe Saunders Aldean as to a 4.16% interest.

75.  By deed dated October 25, 2016 and recorded with the Kings Register on May 25, 2017 under CRFN No. 2017000196309, Lloyd Plummer, as one-half heir of Julietta Plummer Jackson, purported to transfer a "12.5%" interest in 401 Adelphi St. to ERD Holdings, Inc., at a time when he only owned a 6.25% interest therein. The said deed was only effective to that extent, as a matter of law.

76.  By deed dated March 15, 2017 and recorded with the Kings Register on June 6, 2017 under CRFN No. 2017000209619, Julia Crystal Saunders and Jonathan Saunders, as two one-third heir of Henry T. Saunders, III, transferred their collective 8.33% interest in 401 Adelphi St. to Eddie Doran (thereby divesting themselves of any interest in 401 Adelphi St.).

77.  By deed dated March 15, 2017 and recorded with the Kings Register on June 6, 2017 under CRFN No. 2017000210062, Bahe Saunders Aldean, as one-third heir of Henry T. Saunders, III, transferred his 4.16% interest in 401 Adelphi St. to Eddie Doran (thereby divesting himself of any interest in 401 Adelphi St.).

78.  By deed dated March 11, 2017 and recorded with the Kings Register on July 17, 2017 under CRFN No. 2017000258902, Bahe Saunders Aldean, as one-third heir of Henry T. Saunders, III, transferred his 4.16% interest in 401 Adelphi St. to Eddie Doran (thereby divesting himself of any interest in 401 Adelphi St.).

79.  By deed dated March 11, 2017 and recorded with the Kings Register on July 14, 2017 under CRFN No. 2017000258902, ERD Holdings, Inc. transferred its 12.5% interest in 401 Adelphi St. to the three Plaintiffs, as follows: Vincent Longobardi as to a 1.5625% interest; Eddie Doran as to a 1.5625% interest; and Earl R. Davis as to its remaining 3.125% interest (thereby divesting itself of any interest in 401 Adelphi St.).

80.  As indicated by the percentages stated transferred in the March 11, 2017 deed——totaling to 6.25%, and not 12.5%——the mistake in the October 25, 2016 deed as to the inflated "12.5%" purported interest transferred to ERD Holdings Inc. by Lloyd Plummer was recognized, and the actual and correct total ownership interest of ERD Holdings Inc. of 6.25% in 401 Adelphi St., was transferred to Plaintiffs by the March 11, 2017 deed.

81.  By deed dated April 2, 2017 and recorded with the Kings Register on July 26, 2017 under CRFN No. 2017000274196, Eddie Doran transferred 12.5 (of his then total 14.0625%) interest in 401 Adelphi St. to himself and the other two

Plaintiffs, as follows: Eddie Doran as to a 4.16% interest; Vincent Longobardi as to a 4.16% interest; and Earl R. Davis as to a 4.16% interest.

82.  By virtue of the foregoing facts, the ownership interests of the parties in 401 Adelphi St., as of the date hereof, and which should be declared, are as follow:

1)  Carole T. Burris as to a 25% interest;

2)  Lisa Odetta Burris as to a 25% interest;

3)  Deidre Galloway as to a 12.5% interest;

4)  Kathryn Elise Sosa as to a 12.5% interest;

5)  Angelica D. Plummer as to a 6.25% interest;

6)  Eddie Doran as to a 5.72916% interest;

7)  Vincent Longobardi as to a 5.72916% interest; and

8)  Earl R. Davis as to a 7.2916% interest.

83.  Upon information and belief, Defendants, DEIDRE GALLOWAY and/or KATHRYN ELISE SOSA and/or Additional Defendant on the Counterclaims, CAROLE T. BURRIS have managed the 401 Adelphi St. property and should account for its rents and profits for the duration of the period of their management.

Facts regarding 432 Clermont Ave. —
Instruments in its Chain of Title, Including
as to a Deed Sought to be Declared a Nullity
and Directed Vacated, extinguishment of
interests by adverse possession and the
Apparent Interests of the Parties Therein

84.  By deed dated January 9, 1952, and recorded with the Kings Register at CON 7882, pages 619 to 622, one-half fee title to 432 Clermont Ave. was transferred from a third party to "Henry T. Saunders, Jr.", and the other one-half of the fee title was transferred to "St. Clair Payne" and "Emily

Saunders", his wife, as a tenancy by the entireties as to that one-half interest, in common with Henry T. Saunders, Jr.

85.   Upon information and belief, from on or about January 9, 1952, and for a period of more than ten (10) years, Henry T. Saunders, Jr. exclusively occupied and/or exercised management control over 432 Clermont Ave. and engaged in all the normal acts of a property owner, continuously and exclusive of St. Clair Payne and Emily Saunders, who did not reside in or exercise any management control over 432 Clermont Ave. during such period.

86.   Upon information and belief, Henry T. Saunders, Jr.'s exclusive occupancy in, and management control over, 432 Clermont Ave. for said period in excess of ten years, gave rise to a presumption of St. Clair Payne and Emily Saunders' ouster from 432 Clermont Ave., within the meaning of RPAPL §541 (hereafter, the "Ouster Period").

87.   Upon information and belief, following the Ouster Period, and without any break in Henry T. Saunders. Jr.'s continuous exclusive occupancy of, and/or management control over, 432 Clermont Ave., exclusive of St. Clair Payne and Emily Saunders, and for a period of more than ten (10) additional years (the "Additional Ten-Year Period"), Henry T. Saunders, Jr. maintained continuous, exclusive residence in, and/or management control over, 432 Clermont Ave., engaging in all the normal acts of a property owner, exclusive of St. Clair Payne and Emily Saunders, who did not reside in or exercise any management control over 432 Clermont Ave. during such period.

88.   Upon information and belief, during the Additional Ten-Year Period, 432 Clermont Ave. remained at all times protected by a substantial enclosure, and Henry T. Saunders, Jr. maintained and enclosed the land and structures of 432

Clermont Ave. in a usual manner, typical of such a parcel, and in an open manner sufficient to put reasonably diligent owners on notice of his occupancy and control within the meaning of section 512 of the RPAPL.

89.   Upon information and belief, Henry T. Saunders Jr.'s exercise of exclusive residence in and/or management control over 432 Clermont Ave. during the Additional Ten-Year Period was uninterrupted and was conducted openly and notoriously; and was hostile to any ownership interests of St. Clair Payne and Emily Saunders in that premises.

90.   Upon information and belief, by reason of the foregoing, at the time that Henry T. Saunders died on June 18, 1986, he was the sole owner of 432 Clermont Ave., by way of adverse possession, which fee interest thereupon passed at law to his heirs.

91.   Upon information and belief, St. Clair Payne and Emily Payne née Saunders ("Emily Payne") had six children together, and no other children together or separately, being Additional Defendants on the Counterclaims: Richard Payne, Clyde Payne, St. Clair Payne, Jr., Bruce Payne, Charlene Payne a/k/a Charlene Vargas and Trevor Payne.

92.   Upon information and belief, St. Clair Payne died intestate, a resident of the State of New York on January 11, 2000 while married to Emily Payne, at which time all of his property and title interests passed to her and their six children, by operation of law. Emily Payne thereafter died intestate, a resident of the State of New York on July 16, 2015, un-remarried, at which time all of her property and title interests passed to her said six children by operation of law.

93.   Upon information and belief, by virtue of the heirship interests as to Julia T. Saunders set forth hereinbefore at paragraph 36, et seq., as of the date of her subsequent death on August 26, 2012, the ownership interests in 432 Clermont Ave. were as follows:

1)   Deidre Galloway as to a 25% interest;

2)   Kathryn Elise Sosa as to a 25% interest;

3)   Angelica D. Plummer as to a 12.5% interest;

4)   Lloyd D. Plummer D. Plummer as to a 12.5% interest;

5)   Julia Crystal-Rose Saunders as to an 8.33% interest;

6)   Jonathan E. Saunders as to an 8.33% interest; and

7)   Bahe Saunders Aldean as to an 8.33% interest.

94.   By deed dated April 11, 1996, and recorded with the Kings Register on May 31, 1996 at reel 3718, pages 2147 to 2149, Deidre Galloway, signing under the Fraudulent P.O.A., (as hereinbefore defined), on behalf of "Henry T. Saunders (Deceased)", "Emily Saunders (Deceased)" and "Julia T. Saunders" as grantors, purported to transfer Julia T. Saunders' interest in the 432 Clermont Ave. to Julia T. Saunders and Deidre Galloway (the "1996, 432 Clermont Deed").

95.   By virtue of the null status of the Fraudulent P.O.A., the 1996, 432 Clermont Deed, in turn, is a nullity and without force and effect as a matter of law, is void *ab initio*, and such status should be declared and the instrument directed vacated.

96.   By deed dated October 25, 2016 and recorded with the Kings Register on December 28, 2016 under CRFN No. 2016000460986, Lloyd Plummer, as one-half heir of Julietta Plummer Jackson, transferred his 12.5% interest in 432 Clermont

Ave. to ERD Holdings, Inc (thereby divesting himself of any interest in 432 Clermont Ave.).

97.  By deed dated March 15, 2017 and recorded with the Kings Register on June 6, 2017 under CRFN No. 2017000209722, Bahe Saunders Aldean, as one-third heir of Henry T. Saunders, III, transferred his 8.33% interest in 432 Clermont Ave. to Eddie Doran (thereby divesting himself of any interest in 432 Clermont Ave.).

98.  By deed dated March 15, 2017 and recorded with the Kings Register on June 6, 2017 under CRFN No. 2017000209949, Julia Crystal Saunders and Jonathan Saunders, as two one-third heir of Henry T. Saunders, III, transferred their collective 16.66% interest in 432 Clermont Ave. to Eddie Doran (thereby divesting themselves of any interest in 432 Clermont Ave.)

99.  Thereafter, under CRFN NO. 2017000221624, an ACRIS cover page alone was recorded against 432 Clermont Ave. on June 15, 2017, indicated in its text to be for a deed as between ERD Holdings as grantor, and Vincent Longobardi as Grantee, but with no such deed attached.

100. By deed dated April 2, 2017 and recorded with the Kings Register on July 13, 2017 under CRFN No. 2017000257014, Eddie Doran transferred his 25% interest in 432 Clermont Ave. to himself and the other two Plaintiffs, each as to an 8.33% interest.

101. By correction deed dated June 7, 2017 and recorded with the Kings Register on July 17, 2017 under CRFN No. 2017000260493——upon information and belief, being intended to "correct" the deed not attached or recorded under the ACRIS cover page described at paragraph 91——ERD Holdings, Inc. transferred its 12.5% interest in 432 Clermont Ave. to the three Plaintiffs, as follows: Vincent Longobardi as to a 3.125%

interest; Eddie Doran as to a 3.125% interest; and Earl R. Davis as to a 6.25% interest (thereby divesting itself of any interest in 401 Adelphi St.)

102. By virtue of the foregoing facts, the ownership interests of the parties in 432 Clermont Ave., as of the date hereof, and which should be declared, are as follow:

1)    Deidre Galloway as to a 25% interest;

2)    Kathryn Elise Sosa as to a 25% interest;

3)    Angelica D. Plummer as to a 12.5% interest;

4)    Eddie Doran as to an 11.4853% interest

5)    Vincent Longobardi as to an 11.4853% interest; and

6)    Earl R. Davis as to a 14.583% interest.

103. Upon information and belief, Defendants, DEIDRE GALLOWAY and/or KATHRYN ELISE SOSA and/or Additional Defendant on the Counterclaims, CAROLE T. BURRIS have managed the 432 Clermont Ave. property and should account for its rents and profits for the duration of the period of their management.

### AND FOR A FIRST COMBINED COUNTERCLAIM AND CROSS-CLAIM

(Declaratory Judgment Vacating Instruments Recorded in the Chain of Title of 425 Clinton Ave.)

104. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the power of attorney dated January 29, 199, hereinbefore defined as the "Fraudulent P.O.A.", is without force and effect as a matter of law; is void *ab initio*; and be cancelled, expunged, and discharged of-record.

105. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the deed dated January

29, 1996, hereinbefore defined as the "1996, 425 Clinton Deed", is without force and effect as a matter of law; is void *ab initio*; and be cancelled, expunged, and discharged of-record.

106. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the mortgage instrument dated September 17, 2003, hereinbefore defined as the "2003, 425 Clinton Mortgage", is without force and effect as a matter of law to the extent of its attempt to encumber the interests of any party other than Deidre Galloway's 25% interest in 425 Clinton; is void *ab initio* as to the other parties' collective 75% interest in 425 Clinton Ave.; and be cancelled, expunged, and discharged of-record to that extent.

107. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the mortgage instrument dated July 8, 20053, hereinbefore defined as the "2005, 425 Clinton Mortgage", is without force and effect as a matter of law to the extent of its attempt to encumber the interests of any party other than Deidre Galloway's 25% interest in 425 Clinton; is void *ab initio* as to the other parties' collective 75% interest in 425 Clinton Ave.; and be cancelled, expunged, and discharged of-record to that extent.

### AND FOR A SECOND COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Declaratory Judgment Declaring the Ownership Interests
of the Parties in 425 Clinton Ave.)

108. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the parties have the following ownership interests in 425 Clinton Ave.:

1)    Deidre Galloway as to a 25% interest;

2)    Kathryn Elise Sosa as to a 25% interest;

3)   Angelica D. Plummer as to a 12.5% interest;

4)   Eddie Doran as to an 11.4853% interest

5)   Vincent Longobardi as to an 11.4853% interest; and

6)   Earl R. Davis as to a 14.583% interest.

### AND FOR A THIRD COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Partition and Sale of 425 Clinton Ave.)

109. By reason of the foregoing, 425 Clinton Ave. must be partitioned and sold so that the parties may procure the benefit of their respective interests in and to that premises.

### AND FOR A FOURTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Accounting with respect to 425 Clinton Ave.)

110. By reason of the foregoing, an accounting of the rents and profits of 425 Clinton Ave. should be directed from Defendants, DEIDRE GALLOWAY and/or KATHRYN ELISE SOSA and/or Additional Defendant on the Counterclaims, CAROLE T. BURRIS, and any other persons and entities as have managed and collected the rents and profits of that premises, so that suitable adjustment and allocation of the proceeds of its sale may be effected.

### AND FOR A FIFTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Declaratory Judgment Vacating an Instrument Recorded in the Chain of Title of 401 Adelphi St.)

111. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the deed dated January 16, 2013, hereinbefore defined as the "Partially Fraudulent 2013 401 Adelphi St. Deed", is without force and effect as a matter of law as to any rights and interest in the heirs of

Julia T. Saunders or of her intestate estate; and is void *ab initio* as to those interests.

### AND FOR A SIXTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Declaratory Judgment Declaring the Ownership Interests of the Parties in 401 Adelphi St.)

112. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the parties have the following ownership interests in 401 Adelphi St.:

1) Carole T. Burris as to a 25% interest;

2) Lisa Odetta Burris as to a 25% interest;

3) Deidre Galloway as to a 12.5% interest;

4) Kathryn Elise Sosa as to a 12.5% interest;

5) Angelica D. Plummer as to a 6.25% interest;

6) Eddie Doran as to a 5.72916% interest;

7) Vincent Longobardi as to a 5.72916% interest; and

8) Earl R. Davis as to a 7.2916% interest.

### AND FOR A SEVENTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Partition and Sale of 401 Adelphi St.)

113. By reason of the foregoing, 401 Adelphi St. must be partitioned and sold so that the parties may procure the benefit of their respective interests in and to that premises.

### AND FOR AN EIGHTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Accounting with respect to 401 Adelphi St.)

114. By reason of the foregoing, an accounting of the rents and profits of 401 Adelphi St. should be directed from Defendants, DEIDRE GALLOWAY and/or KATHRYN ELISE SOSA and/or Additional Defendant on the Counterclaims, CAROLE T. BURRIS,

and any other persons and entities as have managed and
collected the rents and profits of that premises, so that
suitable adjustment and allocation of the proceeds of its sale
may be effected.


### AND FOR A NINTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Finding of Adverse Possession as to 432 Clermont Ave.)

115. By reason of the foregoing facts, a declaratory
judgment should issue, declaring that the former interest in
432 Clermont Ave. previously owned by St. Clair Payne and Emily
Saunders', as flowing from the deed dated January 9, 1952, and
recorded in that property's chain of title, was extinguished by
the adverse possession of said premises by Henry T. Saunders
Jr., who was the sole owner of 432 Clermont Ave. at the time of
his death on June 18, 1986.


### AND FOR A TENTH COMBINED COUNTERCLAIM AND CROSS-CLAIM
(Declaratory Judgment Vacating an Instrument Recorded
in the Chain of Title of 432 Clermont Ave.)

116. By reason of the foregoing facts, a declaratory
judgment should issue, declaring that the power of attorney
dated January 29, 199, hereinbefore defined as the "Fraudulent
P.O.A.", is without force and effect as a matter of law; is
void *ab initio*; and be cancelled, expunged, and discharged of-
record.

117. By reason of the foregoing facts, a declaratory
judgment should issue, declaring that the deed dated April 11,
1996, hereinbefore defined as the "1996, 432 Clermont Deed", is
without force and effect as a matter of law; is void *ab initio*;
and be cancelled, expunged, and discharged of-record.

### AND FOR AN ELEVENTH COMBINED COUNTERCLAIM AND CROSS-CLAIM

(Declaratory Judgment Declaring the Ownership Interests
of the Parties in 432 Clermont Ave.)

118. By reason of the foregoing facts, a declaratory judgment should issue, declaring that the parties have the following ownership interests in 432 Clermont Ave.:

1) Deidre Galloway as to a 25% interest;

2) Kathryn Elise Sosa as to a 25% interest;

3) Angelica D. Plummer as to a 12.5% interest;

4) Eddie Doran as to an 11.4853% interest

5) Vincent Longobardi as to an 11.4853% interest; and

6) Earl R. Davis as to a 14.583% interest.

### AND FOR A TWELFTH COMBINED COUNTERCLAIM AND CROSS-CLAIM

(Partition and Sale of 432 Clermont Ave.)

119. By reason of the foregoing, 432 Clermont Ave. must be partitioned and sold so that the parties may procure the benefit of their respective interests in and to that premises.

### AND FOR A THIRTEENTH COMBINED COUNTERCLAIM AND CROSS-CLAIM

(Accounting with respect to 432 Clermont Ave.)

120. By reason of the foregoing, an accounting of the rents and profits of 432 Clermont Ave. should be directed from Defendants, DEIDRE GALLOWAY and/or KATHRYN ELISE SOSA and/or Additional Defendant on the Counterclaims, CAROLE T. BURRIS, and any other persons and entities as have managed and collected the rents and profits of that premises, so that suitable adjustment and allocation of the proceeds of its sale may be effected.

121. The judgment herein should be directed recorded in the chain of title of each of the Kings Properties, upon payment of the proper fee therefor.

WHEREFORE, Answering, Counterclaiming and Cross-Claiming Defendant, ANGELICA D. PLUMMER, demands judgment as follows:

i)      With respect to 425 Clinton Ave., for the detailed relief demanded in the First, Second, Third and Fourth Combined Counterclaims and Cross-Claims;

ii)     With respect to 402 Adelphi St., for the detailed relief demanded in the Fifth, Sixth, Seventh and Eighth Combined Counterclaims and Cross-Claims;

iii)    With respect to 432 Clermont Ave., for the detailed relief demanded in the Ninth, Tenth, Eleventh, Twelfth and Thirteenth Combined Counterclaims and Cross-Claims;

iv)     for the costs and disbursements of her Counterclaims and Cross-Claims; and

v)      for such other and further relief as to the Court may seem just, equitable and proper.

Dated:  Brooklyn, New York
        August 30, 2018

                                  s/ Michael T. Sucher, Esq.
                                  MICHAEL T. SUCHER, ESQ.
                                  *Attorney for Answering,*
                                  *Counterclaiming and*
                                  *Cross-Claiming Defendant*
                                  *ANGELICA D. PLUMMER*
                                  26 Court Street, Suite 2412
                                  Brooklyn, New York 11242
                                  Tel: (718) 522-1995
                                  Fax: (718) 797-3174
                                  e-mail: nylawyer@aol.com